**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 3 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MONTE SILER,

    Defendant-Appellant.

No. 98-6013
(D.C. No. CR-97-118-C)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

The parties have stated they do not seek oral argument. We accept their statements, and this case is submitted on the briefs.

Defendant Monte Siler entered a plea of guilty to the crime of manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1). After pleading, and through appointed counsel, he attempted to withdraw the plea, claiming he had been subjected to medication in jail while awaiting his plea hearing and that medication deprived him of the ability to comprehend the nature of the plea or the proceedings. After an evidentiary

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

hearing, the motion was denied, and defendant was sentenced to a term of 360 months. The matter is now before us.

Counsel has filed a brief in accordance with the provisions of *Anders v. California*, 386 U.S. 738 (1967). He states: "Counsel has found no issues to be raised in this appeal and therefore, finds this appeal to be frivolous and requests permission to withdraw as counsel of record. [I have] provided a copy of this brief to Mr. Monte Siler." We have independently examined the record and agree with counsel's assessment.

The transcript of the original plea hearing shows that in response to the court's questioning, Mr. Siler stated he had received a dose of "Indocin" the previous night, but it did not affect his ability to "think clearly." The court then asked if there is "anything about that prescription or its effects on you that it affects your ability to think clearly?" The defendant responded, "No ma'am."

At the hearing on defendant's motion to withdraw the guilty plea, Mr. Siler testified:

> At the time I signed my plea agreement and at the time I come [sic] into the courtroom and copped out to the charges, I was under the chemical influence of medication I was taking. I had a chemical imbalance in my brain and I wasn't thinking right and I would have had to have been to cop out to something that I didn't do and I wasn't guilty of, because I was not manufacturing.

To explain the discrepancy between this testimony and the statements he made to the court at the time his plea was entered, defendant said:

I was high at the time. I was under the influence of the medication I was taking when I made that statement.

When I took [Indocin] that day, I took four or five of them, I ratholed them back ..... I took like five before so it would calm my nerves, and I was in a state of euphoria at the time and I didn't make the right judgment when I pleaded guilty to this charge.

The government then established through the medication administration records of the jail that the defendant received his first dose of Indocin (a form of Ibuprofen akin to Tylenol) one day after he signed his plea agreement. In that agreement, signed under penalty of perjury, defendant acknowledges his guilt and sets forth the factual basis for his plea.

Reviewing the record, and the judge's independent recollection of Mr. Siler's conduct at the plea hearing, the court concluded at the time of his plea Mr. Siler was "completely competent, aware of his surroundings and able to make decisions clearly and based on his knowledge of the facts." The court found no factual support for defendant's claim of incompetence and denied the motion to withdraw the plea of guilty.

Assessing the record ourselves, we see nothing that would remotely suggest the defendant has an arguable issue to present to us. We therefore **DISMISS** this appeal as frivolous, *id.*, and **GRANT** counsel's motion to withdraw with our commendation for his candor.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge

- 3 -