**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MONTE SILER,

    Defendant-Appellant.

No. 00-6066
(W.D. Okla.)
(D.Ct. No. 99-CV-1176-C)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Monte Siler, a federal inmate appearing *pro se*, appeals the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's decision dismissing his motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. We deny Mr. Siler's request for a certificate of appealability, deny his motion to proceed *in forma pauperis* as moot,[1] and dismiss his appeal.

Mr. Siler pled guilty to manufacturing methamphetamine. After the district court denied Mr. Siler's motion to withdraw his guilty plea, the court sentenced him to 360 months in prison. We dismissed as frivolous Mr. Siler's direct appeal in which he claimed the district court improperly denied his motion to withdraw his guilty plea. *See United States v. Siler*, 153 F.3d 729, 1998 WL 458562 (10th Cir. Aug. 3, 1998) (unpublished opinion).

Following his direct appeal, Mr. Siler filed his § 2255 motion, raising four grounds for error. Specifically, Mr. Siler alleged the district court erred in: 1) failing to reduce his sentence for acceptance of responsibility; 2) basing his sentence on an erroneous calculation of the amount of methamphetamine he possessed; and 3) entering a judgment when insufficient facts supported his guilty

---

[1] Although Mr. Siler filed a motion for leave to proceed on appeal without prepayment of costs or fees, he nevertheless paid the appellate filing fee in full, thereby making his motion moot.

plea. In addition, Mr. Siler also complained his attorney rendered ineffective assistance of counsel by failing to: 1) adequately assess the damage his motion to withdraw his guilty plea would cause; 2) object to the erroneous amount of methamphetamine attributed to him in the presentencing report; and 3) object to the insufficient factual basis for the court's acceptance of the guilty plea.

In an exceedingly thorough and well-explained order, the district court denied Mr. Siler's § 2255 motion. Applying the controlling Supreme Court and Tenth Circuit authority, the district court presented a comprehensive analysis as to why Mr. Siler's claims lacked merit. Specifically, the district court determined Mr. Siler's first three grounds were procedurally barred due to Mr. Siler's failure to raise them on direct appeal, unless he could show cause for his procedural default and prejudice therefrom. Recognizing Mr. Siler's ineffective assistance of counsel claim could constitute cause for such default,[2] the district court carefully reviewed the merits of that claim. In so doing, the district court performed an exhaustive analysis of the grounds underlying Mr. Siler's claim and determined he failed to show his counsel's performance was either constitutionally deficient or

---

[2] An ineffective assistance of counsel claim can serve as "cause" to excuse procedural default of other underlying or "stand alone" claims, but only if the defendant can meet the "cause or prejudice" standard required for establishing ineffective assistance of counsel. *See Edwards v. Carpenter*, ___ U.S. ___, 120 S. Ct. 1587, 1591 (2000); *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995).

that the alleged deficient performance prejudiced him.

On appeal, Mr. Siler raises the same issues addressed by the district court. In addition, for the first time on appeal, Mr. Siler contends his counsel acted ineffectively by failing to investigate the charges against him before he pled guilty or request discovery from the Government before rendering his guilty plea.

We begin our review of Mr. Siler's appeal with our standard of review. "[W]e review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." *United States v. Pearce*, 146 F.3d 771, 774 (10th Cir. 1998) (relying on *United States v. Cox*, 83 F.3d 336, 338 (10th Cir. 1996)). Ineffective assistance of counsel claims involve mixed questions of law and fact which we review de novo. *See United States v. Prows*, 118 F.3d 686, 691 (10th Cir. 1997). In order for Mr. Siler to obtain a certificate of appealability, he must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

Under the circumstances presented, we conclude Mr. Siler fails to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). We make this determination after carefully reviewing the

pleadings, record on appeal, and the district court's decision. Because the district court presented a comprehensive analysis as to why Mr. Siler's claims lacked merit, we decline to duplicate its analysis here. As to Mr. Siler's summary allegation that his counsel failed to properly investigate the charges against him or request discovery prior to Mr. Siler pleading guilty, we generally will not consider an issue raised for the first time on appeal. *In re Walker*, 959 F.2d 894, 896 (10th Cir. 1992) (relying on *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)). Even if we considered Mr. Siler's allegation, he fails to show his counsel's alleged failure to take such action before Mr. Siler pled guilty prejudiced him. In other words, it is unclear what, if anything, his counsel would have learned from such investigation and discovery that would have prevented Mr. Siler from pleading guilty.

Accordingly, we deny Mr. Siler's certificate of appealability for substantially the same reasons set forth in the district court's December 30, 1999 Order, and **DISMISS** this appeal. We further deny Mr. Siler's request to proceed *in forma pauperis*.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-5-