41 F.3d 1516
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Joseph Thomas PEARCE, Defendant/Appellant.
 No. 93-2280.
 United States Court of Appeals, Tenth Circuit.
 Nov. 8, 1994.
 
 1
 Before MOORE and BARRETT, Circuit Judges, and ROGERS,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 ROGERS, Senior District Judge.
 
 
 4
 Joseph Thomas Pearce appeals from his convictions of one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. Sec. 841(a)(1) and three counts of carrying and using a firearm during a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1). The only issue raised on appeal concerns the propriety of the search warrant that was issued to search Pearce's residence. Pearce contends that his Fourth Amendment rights were violated because the search warrant was not supported by probable cause. For the reasons below, we affirm the district court's denial of Pearce's motion to suppress.
 
 I.
 
 5
 On February 25, 1993, Pearce was arrested in Otero County, New Mexico for driving under the influence of intoxicating liquor. Pearce was searched and a drug ingestion spoon was found in his pants pocket. The spoon field tested for the presence of methamphetamine. A consensual search of the vehicle revealed a baggie of marijuana and a concealed revolver. The defendant denied knowledge of the marijuana but admitted owning the weapon. He stated that he needed the weapon because he was a security guard for his "Huns" motorcycle chapter. Also found in the car was a publication on outlaw motorcycle gangs written by the New Mexico Governors Organized Crime Commission. The publication indicated that it was intended only for use by law enforcement personnel.
 
 
 6
 Later that day, three law enforcement officers, with extensive training and experience in narcotics, prepared an affidavit for a search warrant to search Pearce's residence. The affidavit contained the aforementioned information of Pearce's arrest earlier that day. The affidavit also contained information concerning Pearce's activities from (1) crimestopper tips, (2) "good citizen" informants, and (3) a confidential informant.
 
 
 7
 The affidavit stated that from June 1991 to December 1992, the New Mexico State Police Department had received six anonymous crimestopper tips indicating that Pearce was a major dealer of methamphetamine and other controlled substances. The calls linked Pearce to the "Huns" motorcycle gang. These calls correctly identified Pearce's appearance and the location of his residence.
 
 
 8
 In addition to the crimestopper calls, the affidavit contained information from two "good citizen" informants. One of the "good citizen" informants told one of the affiants that Pearce was affiliated with the "Huns" motorcycle gang and had transported large quantities of methamphetamine from Arizona to New Mexico. This informant was a respected business owner who had provided reliable information in the past. The other "good citizen" informant provided information to one of the other affiants within 72 hours of the preparation of the affidavit. This "good citizen" stated that a third party had shown him some amphetamines that the third party had purchased from Pearce. This "good citizen" was familiar with amphetamines because he had used them in the past. The third party told the informant that Pearce was selling crank, marijuana, LSD and mushrooms on February 20, 1992 for the 10th anniversary of the "Huns" motorcycle club. This informant had no convictions in the previous five years and received nothing in exchange for the information.
 
 
 9
 The affidavit also contained information from a confidential informant concerning the ongoing nature of the defendant's drug dealing activities. This informant had made undercover drug purchases for law enforcement in the past. The informant stated that Pearce (1) headed a drug manufacturing organization in the Otero County area; (2) was affiliated with the "Huns" motorcycle organization and was involved in transporting methamphetamine to and from Albuquerque, New Mexico; and (3) had attempted to sell marijuana to him on several different occasions.
 
 
 10
 The search warrant was issued by a state court judge. Law enforcement officers seized approximately 1000 grams of methamphetamine, 24 firearms and two homemade bombs from Pearce's residence. Following indictment on the aforementioned charges, Pearce moved to suppress the evidence found at his residence. At the hearing on the motion to suppress, the district court heard no evidence but looked to the "four corners" of the affidavit for its decision. The court, based upon the contents of the affidavit, denied the motion.
 
 II.
 
 11
 Pearce argues that the totality of the circumstances fails to demonstrate probable cause for the issuance of the search warrant.[1] Pearce separately attacks each basis for the search warrant: the crimestopper tips, the good citizen informants' information, and the confidential informant's material. Pearce also contends that the affidavit fails to demonstrate corroboration of this information by law enforcement officials. Finally, Pearce argues that the good faith exception established in United States v. Leon, 468 U.S. 897 (1985) is inapplicable here. Pearce asserts that the affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.
 
 
 12
 Probable cause to issue a search warrant exists only when an affidavit sets forth sufficient facts that would lead a prudent person to believe there is a fair probability that contraband or evidence of a crime will be found in a particular place. United States v. Wick, 995 F.2d 964, 973 (10th Cir.), cert. denied, 114 S.Ct. 482 (1993). A totality-of-the-circumstances approach is used to determine whether probable cause exists. Illinois v. Gates, 462 U.S. 213, 238 (1983); United States v. Bishop, 890 F.2d 212, 215 (10th Cir.1989). In making the probable cause determination, the issuing judge may draw reasonable inferences from the material he receives, and his ultimate probable cause decision should be paid great deference by reviewing courts. Gates, 462 U.S. at 236; United States v. Corral-Corral, 899 F.2d 927, 931 (10th Cir.1990).
 
 
 13
 The information provided to the state court judge was sufficient to support a finding of probable cause. Pearce essentially attempts to examine each piece of information provided to the state court judge in isolation. The various pieces of information contained in the affidavit, standing alone, would no doubt be insufficient to justify the issuance of the warrant, but the totality of the information provides sufficient facts to believe that contraband would be found at Pearce's residence. The anonymous tips, coupled with the "good citizen" information, the confidential informant's knowledge and the facts gleaned from Pearce's arrest provide sufficient probable cause for the issuance of the search warrant. The information obtained from the tips, the "good citizens" and the confidential informant, although not corroborated by the officers' surveillance or investigation, was specific and detailed to some extent. The information from each of these sources corroborated the information provided by the other. Moreover, the information obtained at Pearce's arrest obviated the need for additional investigation because it provided significant corroboration of many of the details provided by the other sources. In sum, the court finds that the affidavit provided to the state court judge was sufficient to establish probable cause.[2]
 
 
 14
 Accordingly, the court finds no error in the district court's denial of Pearce's motion to suppress. The convictions in this case are hereby AFFIRMED.
 
 
 
 *
 Honorable Richard D. Rogers, Senior District Judge of the United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tench Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 At oral argument, Pearce argued that some of the information contained in the affidavit was stale and could not support a probable cause determination. The court rejects this argument because of the ongoing nature of the criminal activity involved. See United States v. Pace, 981 F.2d 1123, 1133-34 (10th Cir.1992), cert. denied, 113 S.Ct. 1401 (1993)
 
 
 [2]
 Given this decision, the court need not consider the "good faith" arguments arising under Leon. We are satisfied, however, that the evidence seized as a result of the search warrant would be admissible under Leon