F I L E D
United States Court of Appeals
Tenth Circuit

MAY 18 1998

PATRICK FISHER
Clerk

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

JOSEPH THOMAS PEARCE,

Defendant-Appellee.

No. 97-2173

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV 96-1616 HB/JHG)**

---

Jason Bowles, Assistant U.S. Attorney (John J. Kelly, United States Attorney, and Kelly H. Burnham, Assistant U.S. Attorney, on the brief), Las Cruces, New Mexico, for Plaintiff-Appellant.

Tova Indritz, Albuquerque, New Mexico (Peter Goldberger, Ardmore, Pennsylvania; and Wayne Anderson and Alan Ellis, Sausalito, California, with her on the brief), for Defendant-Appellee.

---

Before **PORFILIO**, **LOGAN**, and **MURPHY**, Circuit Judges.

---

**LOGAN**, Circuit Judge.

---

This is an appeal by the United States challenging the district court's order setting aside convictions under 18 U.S.C. § 924(c) after Bailey v. United States, 516 U.S. 137 (1995), and refusing to resentence defendant Joseph Thomas Pearce on the underlying drug conviction. For the reasons set out in this opinion, we reject defendant's contention that we have no jurisdiction to hear the government's appeal, and we affirm the district court's order in all respects.

I

In 1993 a jury convicted defendant of one count (I) of possession with intent to distribute more than 100 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and three counts (II, III and IV) of carrying and using firearms during a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The district court sentenced defendant to seventy-eight months incarceration on Count I, the drug possession, and to sentences (consecutive to the drug possession conviction but concurrent to each other) of ten to thirty years on the three firearms use counts.[1]

After the Supreme Court decision in Bailey, defendant filed the instant 28 U.S.C. § 2255 motion to vacate his sentence, alleging there was insufficient evidence to support the three § 924(c) convictions. The government conceded that two of the convictions (Counts II and III) should be vacated, but argued there was sufficient evidence to support

---

[1] Defendant appealed his convictions, challenging only the propriety of the search warrant issued to search his residence. A panel of this court affirmed. United States v. Pearce, No. 93-2280, 1994 WL 630615, 41 F.3d 1516 (Table) (10th Cir. 1994).

his conviction on Count IV, involving bombs found in lockers on defendant's property. The government also asked the district court to resentence defendant on Count I, to impose a firearms possession enhancement and make an upward departure from the applicable guideline range based on possession of firearms.

The district court granted defendant relief on the § 2255 motion, vacating the convictions on all three firearms counts and declining to resentence on Count I.

II

Defendant contends that we have no jurisdiction to hear the government's appeal of a grant of a 28 U.S.C. § 2255 motion. He argues that Congress, in enacting the Antiterrorism and Effective Death Penalty Act (AEDPA)--and in particular adding § 2255 motions to the certificate of appealability requirement under 28 U.S.C. § 2253--has foreclosed an appeal by the government.[2]

Section 2255 provides a means for federal prisoners to attack their sentences, as defendant did successfully in this case. In a paragraph unchanged by the AEDPA, § 2255 provides that "[a]n appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus." The

---

[2] Defendant also points out that the statutory basis for jurisdiction the government cited in its brief, 18 U.S.C. § 3742(b), governs only direct appeals by the government in criminal cases; it does not apply to § 2255 proceedings. But this error alone does not warrant dismissal for want of jurisdiction. Cf. Fed. R. App. P. 3(a) ("[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal").

provision for appeal of a writ of habeas corpus was amended by the AEDPA.  It now

provides that:

> Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas proceeding in which the detention complained of arises out of process issued by a State Court; or
> (B) the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1).

Defendant asserts that the certificate of appealability requirement of § 2253 as

amended applies to any prospective appellant, including the government in a § 2255 case.

In the instant case the government did not seek a certificate of appealability.  In fact, as

defendant points out, the government can never meet the criterion for a certificate of

appealability--"[a] certificate of appealability may issue under paragraph 1 only if the

applicant has made a substantial showing of the denial of a constitutional right."  28

U.S.C. § 2253(c)(2).  The government is never an applicant in a § 2255 proceeding, and

can never show a denial of a constitutional right.

Although the prior version of § 2253[3] appeared to require a certificate of probable

cause in every appeal, most courts have held that Congress intended to require a

certificate only in an appeal by an applicant for a writ.  See, e.g., State of Texas v. Graves,

---

[3]  The prior version of 28 U.S.C. § 2253 stated in relevant part that "[a]n appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause."

352 F.2d 514, 515 (5th Cir. 1965); United States ex rel. Calhoun v. Pate, 341 F.2d 885, 887 (7th Cir. 1965); Buder v. Bell, 306 F.2d 71, 74 (6th Cir. 1962); United States ex rel. Tillery v. Cavell, 294 F.2d 12, 15 (3d Cir. 1961). But see United States ex rel. Carrol v. LaVallee, 342 F.2d 641, 642 (2d Cir. 1965) (requiring state appellant to apply for a certificate of probable cause). When the Federal Rules of Appellate Procedure were adopted in 1967 Rule 22(b) provided, as it does today, that "[i]f an appeal is taken by a State or its representative, a certificate of appealability is not required."

The federal government in a § 2255 proceeding is in the same position as a state in a habeas proceeding, thus, logically we would substitute "government" for "state" in the last sentence of Fed. R. App. P. 22. Although as currently written the statutory authority for the government to appeal under §§ 2255 and 2253 is not a model of clarity, reading these provisions together with Fed. R. App. P. 22 and the established case law, we have no doubt that Congress intended the United States to have the right to appeal a final order in a § 2255 proceeding without a certificate of appealability.[4]

---

[4] This reading is supported by the proposed amendment to Rule 22(b)(3) (to be effective in December 1998 unless rejected by Congress), which provides: "A certificate of appealability is not required when a state or its representative or the United States or its representative appeals." The notes to the proposed change state: "The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, amended 28 U.S.C. § 2253 to make it applicable to § 2255 proceedings. Accordingly, paragraph (3) is amended to provide that when the United States or its representative appeals, a certificate of appealability is not required."

Defendant also bases his argument in part on the historic limitation of criminal appeals by the government. See United States v. Carrillo-Bernal, 58 F.3d 1490, 1494 (10th Cir. 1995). A careful review of Carrillo-Bernal and the cases cited therein, however, reveals the underpinnings of that historic limitation relate to direct criminal appeals, and not necessarily to collateral litigation proceedings initiated by the defendant concerning the validity of an underlying conviction. See id. at 1494-97; see also United States v. Blackwell, 127 F.3d 947, 950-51 (10th Cir. 1997) (finding appeals court had jurisdiction under 28 U.S.C. § 1291 to review government's appeal of district court order that granted relief under 28 U.S.C. § 2255).

We hold that the United States has the right to appeal a final order in a proceeding under § 2255 and need not obtain a certificate of appealability. Thus we have jurisdiction, and hence deny defendant's motion to dismiss the government's appeal.

III

Turning to the merits, we review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error. United States v. Cox, 83 F.3d 336, 338 (10th Cir. 1996).

When law enforcement agents executed a search warrant on defendant's residence, they found drugs and the guns that were the subjects of Counts II and III--a sawed-off shotgun and a machine gun--in a closet in the master bedroom of the trailer home. At trial the government argued the bedroom was the focal point of distribution, because in it

were drug scales and more than $10,000 cash. The weapons that were the basis for Count IV were found in a shed fifty feet from the trailer. The shed contained six lockers, two of them locked. One locker contained methamphetamine; a separate locked locker contained a pipe bomb wrapped in rags and paper; and one of the unlocked lockers contained at its back the "rocket" bomb.

For a person who "during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm" 18 U.S.C. § 924(c) requires an additional prison term to be served consecutively to the sentence for the underlying crime. At the time of defendant's trial, this circuit applied the enhancement under the "use" prong of § 924(c)(1) if the defendant had "'ready access' to a firearm that was an 'integral part' of the drug trafficking offense and increased the likelihood that the offense would succeed." United States v. Richardson, 86 F.3d 1537, 1547 (10th Cir. 1996). A firearm was deemed readily accessible if it was "available to the defendant in the vicinity where the drug trafficking offense took place." Id. (further citation and quotations omitted).

After defendant's direct appeal the Supreme Court in Bailey v. United States adopted a more narrow definition of the "use" prong of § 924(c): "active employment of the firearm" by the defendant. 516 U.S. at 144. Possession alone does not trigger liability under § 924(c)(1). Further, "[s]torage of a firearm, without its more active employment, is not reasonably distinguishable from possession." Id. at 149 (although a

gun in a closet, available for intimidation, attack or defense, may embolden an offender, it is not actively employed).

The evidence of the bombs in this case does not meet the "use" or "carry" prong of Bailey. The government presented no evidence that defendant "carried" the bombs which are the basis of Count IV. The evidence reveals that at most defendant stored the bombs near drugs, which does not meet the definition of "use" under Bailey. Although the government argued that the bombs were used for intimidation and to protect the drugs, it failed to show that the weapons were "disclosed or mentioned by the offender" and thus did not show that they were actively employed. 516 U.S. at 149.

The cases the government cites for the proposition that a bomb in close proximity to drugs is per se active employment during a drug crime are distinguishable. See United States v. Ulloa, 94 F.3d 949, 956 (5th Cir. 1996) (bartering drugs for firearms is "use"); Polanco v. United States, 935 F. Supp. 372, 374-75 (S.D.N.Y. 1996) (during drug deal co-conspirator with a gun visible in his waistband moved toward informant and "started jumping around;" this constituted "use" under § 924(c)). Although we can conceive of a case in which a bomb is booby trapped near a drug storage area and thus constitutes "use," those are not the facts in the record before us. The evidence indicated each bomb would need to have a fuse lit to explode, although the rocket bomb possibly could ignite if thrown hard against a surface. The district court properly vacated defendant's § 924(c) convictions.

IV

Finally, the government contends that the district court erred in refusing to resentence defendant for the underlying drug conviction in Count I. We recently held that a district court possesses authority to resentence a defendant after vacating a § 924(c) conviction under <u>Bailey</u>. <u>See</u> <u>United States v. Mendoza</u>, 118 F.3d 707, 709-10 (10th Cir.), <u>cert.</u> <u>denied</u>, 118 S. Ct. 393 (1997). The government asserts that the district court declined to resentence defendant because it mistakenly believed it had no authority to do so. We do not agree. The district court, adopting the magistrate judge's recommendation, found that resentencing was neither "required nor appropriate." Appellant's App. B at 6 and C at 1. This language indicates the district court simply declined to exercise its discretionary authority to resentence. <u>See</u> 28 U.S.C. § 2255 (upon vacating sentence and conviction, district court has discretion to fashion an appropriate remedy).

AFFIRMED.