**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 2 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BRENT L. SMALLWOOD,

Defendant-Appellant.

No. 98-5012
(D.C. No. 96-CV-509-E)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BRORBY, McKAY,** and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Brent L. Smallwood was convicted of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 844(a), and using or carrying a firearm while in the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). He did not appeal. He filed this motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, arguing that his conviction and sentence on the gun charge should be vacated in light of <u>Bailey v. United States</u>, 516 U.S. 137 (1995). He contends that it was improper for the jury to have been instructed on both "using" and "carrying" a firearm because he was charged only with "carrying" a firearm. <u>See</u> 18 U.S.C. § 924(c). He also argues that the evidence was insufficient to show he "carried" a firearm within the meaning of § 924(c). The district court denied relief, and defendant appeals. Defendant is representing himself and proceeding in forma pauperis. He must obtain a certificate of appealability (COA) to proceed on appeal. <u>See</u> 28 U.S.C. § 2253(c)(1)(B). We conclude that the district court correctly denied the § 2255 motion. We therefore deny defendant a COA and dismiss the appeal.

"[W]e review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." <u>United States v. Pearce</u>, 146 F.3d 771, 774 (10th Cir. 1998). In <u>Bailey</u>, the Supreme Court distinguished the "use" prong of § 924(c) from the "carry" prong, defining "use" as requiring that the defendant "actively employed the firearm during and in relation to the predicate crime."

Bailey, 516 U.S. at 150. Active employment "includes brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." Id. at 148. "[A] reference to a firearm calculated to bring about a change in the circumstances of the predicate offense is a 'use,' just as the silent but obvious and forceful presence of a gun on a table can be a 'use.'" Id. The Supreme Court did not define the "carry" prong in Bailey, but has recently decided that "'carry' implies personal agency and some degree of possession." Muscarello v. United States, 118 S. Ct. 1911, 1917 (1998). "Carrying" is not limited to carrying a firearm on the person, but includes carrying a firearm in a vehicle–even in the glove compartment or trunk. See id. at 1913-14. This decision reaffirms our existing holding that "carrying" requires that the defendant both possessed and transported a firearm during and in relation to a drug trafficking crime. See United States v. Spring, 80 F.3d 1450, 1465 (10th Cir. 1996).

In this case, the jury was instructed that:

> [t]he phrase "uses or carries a firearm["] means having a firearm or firearms, available to assist or aid in the commission of the crime charged in count one of the indictment.

> In determining whether the Defendant used or carried a firearm, you may consider all of the factors received in evidence in the case including the nature of the underlying drug trafficking crime alleged, the proximity of the Defendant to the firearm in question, the usefulness of the firearm to the crime alleged, and the circumstances surrounding the presence of the firearm.

-3-

> The government is not required to show that the Defendant actually displayed or fired the weapon. The government is required, however, to prove beyond a reasonable doubt that a firearm was in the Defendant's possession or under the Defendant's control at the time the drug trafficking crime was committed.

R. doc. 38, at 3 (district court order).

We may affirm a conviction for "carrying" a firearm, despite jury instructions which were incorrect under Bailey, if we are "absolutely certain that the jury convicted solely under the 'carry' prong." United States v. Barnhardt, 93 F.3d 706, 709 (10th Cir. 1996). Defendant does not dispute that the evidence showed that he arrived at a vacant apartment under surveillance by police, knocked on the door, was searched, and was found to have a firearm and a package of cocaine on his person. See Appellant's Application for Certificate of Appealability at 4. Thus, he cannot dispute that there was sufficient evidence to show that he "carried" a firearm and no evidence to show that he "used" a firearm within the meaning of § 924(c). See Muscarello, 118 S. Ct. at 1913-14, 1917; Bailey, 516 U.S. at 150. The government conceded in the district court that the "use" instruction given in this case was erroneous under Bailey because it stated that the government need not prove that defendant displayed or brandished the firearm. In effect, the instruction defined only "carrying," and the word "use" was completely extraneous. Defendant does not argue that the "carry" instruction was incorrect. Therefore, we are convinced that the jury convicted defendant

under the "carry" prong of § 924(c), and hold that the district court appropriately determined that the incorrect "use" instruction was a harmless error.      See 28 U.S.C. § 2111 (stating that court should ignore errors that do not affect "substantial rights" of the parties).

DISMISSED.


Entered for the Court


Monroe G. McKay
Circuit Judge