**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GARY J. PHILLIPS,

    Defendant-Appellant.

No. 98-5046
(N.D. Okla.)
(D.Ct. No. 92-CR-105-E)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Gary Phillips appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sixty-month sentence stemming from his conviction on two counts of carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Mr. Phillips challenges the district court's denial of a new trial on grounds the jury was improperly instructed regarding "use" of a firearm, in view of the Supreme Court's opinion in *Bailey v. United States*, 516 U.S. 137 (1995).

Besides his *Bailey* challenge, Mr. Phillips for the first time on appeal alleges the evidence in his case is insufficient to support a conviction of "using" or "carrying" a firearm, even under a proper jury instruction. Specifically, Mr. Phillips claims the jury must find not only that he possessed a gun, but he transported the gun in a vehicle; the vehicle was driven by him; he sold drugs from the vehicle where the gun was found; and he "facilitated" the use of the gun beyond merely having it placed near him or in using the grip of the gun to store drugs. We grant Mr. Phillips a certificate of appealability[1] only as to his *Bailey* argument, and affirm the district court's order denying his § 2255 motion.

---

[1] Pursuant to Fed. R. App. P. 22(b), we treat Mr. Phillips' notice of appeal as a request for a certificate of appealability under 28 U.S.C. § 2253(c).

Mr. Phillips' two firearm convictions were based on two separate incidents. On June 8, 1992, Mr. Phillips was a passenger in a vehicle en route to an apartment building to sell drugs. After witnessing three traffic violations, a Tulsa policeman pulled the vehicle over and observed Mr. Phillips bend down to put something under his seat. After the driver and Mr. Phillips exited the vehicle, an officer saw an Intratec Tech .22 caliber pistol in plain view sticking out from under the front passenger seat where Mr. Phillips sat. The pistol was loaded and contained several rocks of cocaine in the grip handle.

The second incident occurred a month later, on July 13, 1992, when a confidential informant told the Tulsa police that a young man with a gun was inside a residence selling crack cocaine. On invitation, the officers entered the residence and bedroom, finding Mr. Phillips seated on a chair with a pink plastic tray on his lap cutting a large piece of crack cocaine with a razor blade. A chrome or silver loaded .25 caliber pistol was next to him in the chair. On noticing the officers, Mr. Phillips tossed the tray and gun under the bed where the police recovered them.

Based on these two incidents, Mr. Phillips received an indictment on two counts of "carrying" a firearm in violation of § 924(c)(1). At trial, the jury was

instructed on the elements of "carrying" a firearm in commission of a drug trafficking crime. Also included in the jury instruction was reference to the word "use," even though the elements of "using" a firearm in commission of a crime were not articulated, including "active employment" of such firearm.[2] Following Mr. Phillips' conviction and sentence, the Supreme Court issued its opinion in *Bailey*, holding a conviction for "use" of a firearm under § 924(c) requires evidence sufficient to show an "active employment" of the firearm. *Bailey*, 516 U.S. at 143. Mr. Phillips filed his § 2255 motion with the district court based on that decision, claiming the evidence was insufficient to support a conviction for using or carrying a firearm where no evidence shows he "actively employed" the firearm. In response to his motion, the government admitted the instructions improperly referred to "use," but argued such error is irrelevant as Mr. Phillips

---

[2] The jury instruction at issue states, in relevant part:

> In determining whether the Defendant used or carried a firearm, you may consider all of the factors received in evidence in the case including the nature of the underlying drug trafficking crime alleged, the proximity of the Defendant to the firearm in question, the usefulness of the firearm to the crime alleged, and the circumstances surrounding the presence of the firearm.

> The government is not required to show that the Defendant actually displayed or fired the weapon. The government is required, however, to prove beyond a reasonable doubt that a firearm was in the Defendant's possession or under the Defendant's control at the time the drug trafficking crime was committed.

-4-

was not actually charged under the "use" prong of § 924(c)(1), and the instruction was, in all other respects, correct.

In considering the § 2255 motion, the district court found neither the evidence nor the indictment supported the jury instruction reference to "use" of a firearm. Nevertheless, the district court determined the error in instructing the jury on Mr. Phillips' "use" of a firearm was harmless because he was indicted and charged only for "carrying" a firearm.

After determining the jury instruction on "use" was harmless error, the district court next determined a new trial unnecessary because the jury based its verdict on the "carry" portion of the jury instruction, not the "use" portion. The district court made this determination based on the facts 1) Mr. Phillips was not charged with "using" a firearm; 2) the jury received the correct instruction on "carrying" a firearm; and 3) sufficient evidence existed in the record for the jury to find that under the instruction setting forth the "carry" requirement, Mr. Phillips had indeed "carried" a firearm.

We review *do novo* the district court's legal conclusion the erroneous jury instruction was harmless. *See United States v. Pierce*, 146 F.3d 771, 774 (10th

Cir. 1998). Mr. Phillips' only § 2255 grievance before the district court concerned the lack of evidence showing he "actively employed" the guns in issue. However, Mr. Phillips was indicted and charged with only "carrying" a firearm.[3] Active employment of a weapon is not required in establishing the "carry" element of the crime Mr. Phillips committed. *See Bailey*, 516 U.S. at 150. Thus, failure of the evidence to establish "active employment" has no effect on Mr. Phillips' conviction for carrying a weapon in conjunction with drug trafficking.

Mr. Phillips' other issues, raised on appeal, were not presented to, nor addressed by, the district court in the § 2255 motion; therefore, we will not address them. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992). While we do not ordinarily consider arguments raised for the first time on appeal, we do note Mr. Phillips' issues are without merit. *See United States v. Alamillo*, 941 F.2d 1085, 1086 (10th Cir. 1991).

For these reasons, we find the district court properly denied Mr. Phillips'

---

[3] The jury instruction merely references the word "use" and contains none of the elements required for establishing "use" of a weapon. Thus, no instruction on "active employment" of a weapon was given or required, and the reference to "use" was harmless error.

request for a new trial.  We therefore **AFFIRM** the district court's denial of Mr.

Phillips' § 2255 motion.


        **Entered by the Court:**

        **WADE BRORBY**
        United States Circuit Judge