**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BENJAMIN ALEX SMITH,

    Defendant-Appellant.

No. 00-1146
(D. Colo.)
(D.Ct. No. 98-S-2298)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.
_____

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.(G). The case is therefore ordered submitted without oral argument.

    Appellant Benjamin Alex Smith, a federal inmate appearing *pro se*, appeals

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court's decision dismissing his motion filed pursuant to 28 U.S.C. § 2255. We deny Mr. Smith's request for a certificate of appealability and dismiss his appeal.

Mr. Smith was convicted of six counts of wire fraud and aiding and abetting and one count of mail fraud and aiding and abetting. The district court sentenced him to concurrent terms of fifty-seven months of imprisonment on each count, and this Court affirmed his conviction and sentence on direct appeal. *See United States v. Smith*, 133 F.3d 737, 740, 752 (10th Cir. 1997), *cert. denied*, 524 U.S. 920 (1998).

Shortly thereafter, Mr. Smith filed his § 2255 motion, asserting various claims of error. The district court issued a well-reasoned decision rejecting Mr. Smith's claims, including his claim his conviction was invalid because the government promised the co-defendant who testified against him leniency in violation of 18 U.S.C. § 201(c)(2). The district court found this claim lacked merit because it depended on an interpretation of § 201(c)(2), rejected by this court in *United States v. Singleton*, 165 F.3d 1297, 1298 (10th Cir.) (*en banc*), *cert. denied*, 527 U.S. 1024 (1999).

Mr. Smith based the remaining claims on ineffective assistance of counsel. In his first ineffective assistance of counsel claim, Mr. Smith alleged his attorney failed to inform him of the government's plea offer during the trial. However, the district court found the plea offer at issue was merely a facsimile of the same plea offer Mr. Smith initially rejected, which merely corrected a typographical error. The district court found that Mr. Smith did not show he suffered any prejudice by not being informed of the facsimile because this corrected plea offer did not change the guideline sentencing range, and because Mr. Smith advised his attorney "he would never, ever, under any circumstances, plead guilty to fraud in this case."

The district court also rejected Mr. Smith's other ineffective assistance of counsel claims, in which he alleged his attorney failed to interview exculpatory witnesses prior to trial or to request a trial postponement due to Mr. Smith's mental condition, which he claims prevented him from assisting counsel during trial. Relying on findings it made prior to trial regarding the effectiveness of Mr. Smith's attorney, the district court found: 1) Mr. Smith's counsel contacted and reviewed the government's witnesses and twenty-five other witnesses; and 2) that calling those witnesses Mr. Smith claimed he did not defraud would not necessarily prove he acted lawfully on the occasions alleged in the indictment.

As to the postponement of trial issue, we note the district court presided over Mr. Smith's trial and reviewed the transcript of that proceeding before finding it "belies Mr. Smith's claim that his mental condition at that time prevented him from assisting his attorney in his defense." For these reasons, the district court determined Mr. Smith failed to demonstrate either that his attorney's actions prejudiced his defense, or that his attorney acted ineffectively.

On appeal, Mr. Smith raises the same claims addressed by the district court. Concerning his counsel's failure to request a trial postponement, Mr. Smith now claims his inability to assist his attorney at trial is further evidenced by a nosebleed he suffered during the proceeding. In support of his ineffective assistance of counsel claim concerning witnesses, Mr. Smith now presents a rambling, incoherent argument containing the names of various witnesses he claims his attorney failed to call to testify. Finally, for the first time on appeal, he raises new assertions the district court erred in denying him an evidentiary hearing on his motion in limine; his co-defendant who testified against him lied during the trial and is known as a professional and pathological liar; and his attorney somehow had a conflict of interest because she did not advise Mr. Smith of her teaching fellowship in Russia.

When reviewing the denial of a § 2255 motion, we review the district court's legal rulings *de novo* and its factual findings for clear error. *United States v. Pearce*, 146 F.3d 771, 774 (10th Cir. 1998). Ineffective assistance of counsel claims involve mixed questions of law and fact which we review *de novo*. *United States v. Prows*, 118 F.3d 686, 691 (10th Cir. 1997). In order to establish ineffective assistance of counsel, Mr. Smith must show his counsel's performance was both deficient and the deficiency prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Finally, in order to obtain a certificate of appealability, Mr. Smith must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Our review of the record establishes Mr. Smith has failed to demonstrate the requisite showing of the denial of a constitutional right warranting issuance of a certificate of appealability. First, the district court correctly pointed out Mr. Smith's *Singleton* claim lacks merit. Second, we agree with the district court that even if Mr. Smith's attorney did not provide him with the corrected plea agreement, that omission did not prejudice Mr. Smith because the typographical error in the initial plea agreement did not affect his plea. Mr. Smith also fails to explain what exculpatory testimony the witnesses he lists would provide. Thus, Mr. Smith fails to show how his counsel's failure to call these witnesses was

ineffective or how it prejudiced his case.

As to Mr. Smith's claim his attorney acted improperly in failing to request a trial postponement because of his mental condition, we are unable to rule on this issue. This is because Mr. Smith failed to provide this Court a copy of the transcript on which the district court relied in finding Mr. Smith competent to assist his counsel. Mr. Smith, as the appellant, is responsible for insuring the documents supporting his appeal are part of the record. *See United States v. Vasquez*, 985 F.2d 491, 495 (10th Cir. 1993). When the record fails to include copies of the documents necessary to decide an issue on appeal, we are unable to rule on that issue because it would be pure speculation. *See id.* at 494. Absent the transcript necessary to review or substantiate Mr. Smith's allegation of error, we must defer to the federal district court, which in this case presided over the trial and reviewed the trial transcript. *See id.* at 495. As to his claim concerning his nosebleed, we find it unlikely, even absent our review of the transcript, that this caused any degree of incompetency sufficient to find his counsel somehow acted ineffectively in not asking to postpone the trial.

As to Mr. Smith's new assertions the district court erred in denying him an evidentiary hearing on his motion in limine; his co-defendant lied, and his

attorney somehow had a conflict of interest, we will generally not consider arguments presented for the first time on appeal. *See Walker v. Mather (In re Walker)*, 959 F.2 894, 896 (10th Cir. 1992). Moreover, regardless of whether Mr. Smith believes his co-defendant lied, judging the credibility of a witness is soundly within the province of the jury. *See United States v. Springfield*, 196 F.3d 1180, 1184 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 1444 (2000).

For these and substantially the same reasons articulated in the district court's January 31, 2000 Order of Dismissal, we deny Mr. Smith's request for a certificate of appealability and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge