F I L E D
United States Court of Appeals
Tenth Circuit

NOV 2 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CLARENCE RAY SOUTH,

Defendant-Appellant.

No. 00-6076
(D.C. No. 99-CV-1079)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **ANDERSON** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Clarence Ray South seeks a certificate of appealability to appeal from an order of the district court denying his motion filed pursuant to 28 U.S.C. § 2255. We deny South's application and dismiss the appeal.

To be entitled to a certificate of appealability thus permitting us to address the merits of his appeal, South must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make this showing by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000) (quotation omitted). We review the district court's "legal rulings on a § 2255 motion de novo and its findings of fact for clear error." United States v. Pearce, 146 F.3d 771, 774 (10th Cir. 1998).

South was convicted by a jury of attempting to manufacture methamphetamine. He was sentenced to 175 months' imprisonment. His conviction was affirmed on appeal.

In his § 2255 motion, South claims he received ineffective assistance of counsel and that the prosecutor was guilty of misconduct. The district court denied relief holding that South had failed to meet the requirements of Strickland v. Washington, 466 U.S. 668 (1984) on his ineffective assistance of counsel

claims. Specifically, the court noted that counsel had attempted to reach South's claimed alibi witnesses who apparently would have testified that South was not at the house where methamphetamine was being manufactured when it was destroyed by a fire. As the court noted, not only did counsel make adequate attempts to contact these witnesses, but their testimony was irrelevant as South's whereabouts was not a defense to the charged offense.

South also contends counsel prevented him from testifying at trial. South had a constitutional right "to take the witness stand and to testify in his . . . own defense." Rock v. Arkansas, 483 U.S. 44, 49 (1987). The transcript shows that South was informed of this right, however, he did not take the stand. While South may have been influenced by counsel's advice suggesting that he not testify, any such influence does not amount to ineffective assistance of counsel. Cf. Hooks v. Ward, 184 F.3d 1206, 1219 (10th Cir. 1999) (no error occurred when counsel advised defendant not to testify). Further, South has failed to show that the result of the trial would have been different had he testified. See id. at 1219, 1220.

Finally, the method of calculating the amount of actual methamphetamine attributed to South was approved by this court on South's direct appeal and, thus, counsel was not ineffective at sentencing for not objecting to the government's method of calculating the amount of methamphetamine involved.

The district court found South's claim of prosecutorial misconduct to also be without merit as it did not meet the requirements set forth in United States v. Mechanik, 475 U.S. 66, 70 (1986) and United States v. Pino, 708 F.2d 523, 530-31 (10th Cir. 1983). We agree.

We have reviewed the district court's judgment in light of South's submissions to this court and the record on appeal. We agree that South has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Reasonable jurists could not debate whether his § 2255 "petition should have been resolved in a different manner" or whether "the issues presented were adequate to deserve encouragement to proceed further." Slack, 120 S. Ct. at 1603-04 (quotation omitted).

We DENY South's application for a certificate of appealability and DISMISS this appeal. South's motion to proceed in forma pauperis on appeal is GRANTED. The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge