**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 22 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC NEIL ANGEVINE,

Defendant - Appellant.

No. 04-6143
(D.C. Nos. CV-03-1395-M and
CR-00-106-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO** , **McKAY** , and **ANDERSON** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellant Eric Neil Angevine appeals from the denial of his motion for vacation of sentence under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Appellant entered a conditional guilty plea to Count 2 of a two-count indictment charging him with possession of child pornography on his computer at his place of employment at Oklahoma State University, in violation of 18 U.S.C. § 2252A(a)(5)(B). He admitted in the plea agreement "that he knowingly possessed images of child pornography . . . [and] that he knew the images were of persons under 18 years of age engaged in sexually explicit conduct[.]" Aplt. App. at 18 (R. Doc. 57, ¶ 2). He also admitted at his change-of-plea hearing that he "possessed images of persons under the age of 18 engaging in sexually-explicit conduct or in a lascivious exhibition of genitalia[.]" Aplt. App. at 58 (Change-of-Plea Hearing Tr. at 11). He was sentenced to fifty-one months' incarceration; an $18,000 fine; three years' supervised release; and a $100 special assessment. On direct appeal, appellant argued that the results of the search of his University computer should have been suppressed. We affirmed the denial of his motion to suppress, and the Supreme Court denied certiorari.

After we decided appellant's direct appeal, the Supreme Court struck down, as unconstitutionally overbroad, the definitions of child pornography in 18 U.S.C. § 2256(8)(B) and (D), to the extent that those definitions included images that

-2-

"appear[] to be" or "convey[] the impression" of a minor engaged in sexually explicit conduct. Ashcroft v. Free Speech Coalition, 535 U.S. 234, 241-42, 258 (2002). Appellant filed his § 2255 petition, arguing that his guilty plea was involuntary because he was not aware of the specific elements of the offense with which he had been charged. "Specifically, [appellant] argued he was unaware that the possession of images of what appeared to be children engaged in sexually explicit conduct could not be criminalized, and that he could only be found guilty if the government proved beyond a reasonable doubt that the images he possessed were of actual children engaged in sexually explicit conduct." Aplt. Br. at 5.

Appellant contended that he would not have pleaded guilty had he known the true elements of the offense. The district court engaged in a thorough analysis of the issue. The court denied the § 2255 petition, holding that appellant was charged with, and pleaded guilty to, possessing images of real children engaged in sexually explicit activities. Aplt. App. at 189-95 (District Court Order). Appellant then filed this appeal. The district court granted defendant a certificate of appealability on the issue summarized above. The government argues that appellant's argument is procedurally barred. Appellant counters that any procedural bar is excused by his counsel's ineffective assistance.

"[W]e review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." United States v. Pearce, 146 F.3d 771, 774 (10th Cir. 1998). In addition,

> [a] defendant is procedurally barred from presenting any claim in a section 2255 petition that he failed to raise on direct appeal unless he can demonstrate cause for his procedural default and prejudice suffered thereby, or that the failure to hear his claim would result in a fundamental miscarriage of justice.

United States v. Wright, 43 F.3d 491, 496 (10th Cir. 1994). We need not address the procedural bar issue in this case, however, because appellant's claim fails on the merits in any event. See id.

Appellant admitted both in the plea agreement and at his change-of-plea hearing that his computer contained images of "persons" under the age of eighteen engaging in sexually-explicit conduct. Aplt. App. at 18 (R. Doc. 57, ¶ 2), 58 (Change-of-Plea Hearing Tr. at 11). This language falls squarely within the definition of child pornography in 18 U.S.C. § 2256(8)(A):

> "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where–
> (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct[.]

Appellant does not dispute the district court's finding that neither the indictment, the plea agreement, nor the plea colloquy used the statutory language disapproved in Free Speech Coalition. See Aplt. App. at 192-93 (District Court

-4-

Order at 4-5).  And we have already decided that the holding of <u>Free Speech Coalition</u> is limited to the unconstitutionality of § 2256(8)(B) and (D), and does not imply any rule about the rest of § 2256(8).  <u>United States v. Kimler</u>, 335 F.3d 1132, 1141-42 (10th Cir.), <u>cert. denied</u>, 540 U.S. 1083 (2003).  Appellant's authorities offered to show that his plea was defective are inapposite.  For all of these reasons, appellant's argument that he did not know the elements of the offense to which he pleaded guilty is baseless.

The judgment of the district court is AFFIRMED.


Entered for the Court


Stephen H. Anderson
Circuit Judge