FILED
United States Court of Appeals
Tenth Circuit

April 30, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE CARLOS ARRAS, JR.,

Defendant-Appellant.

No. 07-2222
(D.C. Nos. CIV-04-903-MCA/WDS
and CR-02-598-MCA)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Following a jury trial, Jose Carlos Arras, Jr. was convicted of conspiring to

import into the United States more than 100 kilograms of marijuana and

conspiring to possess that marijuana with the intent to distribute. After this court

affirmed his conviction in *United States v. Arras*, 373 F.3d 1071 (10th Cir. 2004),

Mr. Arras filed a 28 U.S.C. § 2255 motion in the district court to set aside his

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence. The district court denied the motion and granted Mr. Arras a certificate

of appealability on the issue of ineffective assistance of counsel. We affirm.

## I. BACKGROUND

We take the following facts from this court's opinion in Mr. Arras's direct

criminal appeal:

> The government's key trial witness, Tammy Nielsen, testified
> [that Mr. Arras and Lorenzo Ruiz] hired her to transport drugs to
> Denver, Colorado, from El Paso, Texas, and Juarez, Mexico, on four
> separate occasions between December 2001 and February 2002. On
> her first trip, she arrived in El Paso by bus and met Mr. Arras, who
> gave her the keys to a 1983 Mercury Marquis she was to drive to
> Denver. He insisted she check the oil and tire pressure regularly.
> When she arrived in Denver, Mr. Ruiz paid her $2,000. Ms. Nielsen
> subsequently made two trips originating from Juarez that followed
> the same pattern, except she was paid $4,000 based on the added risk
> of crossing the border. On each trip, prior to her departure for
> Denver, Mr. Arras met her and again told her to be careful to check
> the car's oil and tire pressure often. During her fourth trip, which
> began in Juarez, Ms. Nielsen was arrested as she entered the United
> States at the Santa Theresa border crossing. Customs agents
> discovered thirty-nine kilograms of marijuana in metal canisters
> inside the tires of the car.

*Arras*, 373 F.3d at 1073.

The government indicted Mr. Arras on one count of conspiracy to import

less than fifty kilograms of marijuana and one count of conspiracy to possess with

intent to distribute. Mr. Arras was adamant about going to trial and clashed with

his court-appointed attorney, who "was too insistent on a plea." Aplt. App.,

Vol. I at 8. After that attorney withdrew, the district court appointed Anthony

White. During their initial consultation, Mr. Arras conveyed to White that he

wanted a trial and was very unhappy with his former attorney's pursuit of a plea bargain.

Shortly thereafter, the government filed a superceding indictment, increasing the amount of marijuana allegedly involved to more than 100 kilograms. The government also offered Mr. Arras a plea bargain, which was contingent upon acceptance by both Mr. Arras and his co-defendant, Lorenzo Ruiz. White told Mr. Arras that "there's a plea agreement out there," but he did not "go through the particular parts" because Mr. Arras said he did not want to plead. *Id.* at 41-42. Ruiz also was not interested in a plea.

In discussing trial strategy, Mr. Arras alerted White to two municipal citations he had been issued while in Mexico for use in establishing an alibi or impeaching Nielsen. The citations would have provided "some verification that [Mr. Arras] was not in the State of Texas at the time that . . . Nielsen claimed he was" during her fourth marijuana delivery. *Id.* at 28. White obtained the citations only three days before trial and did not use them.

During jury selection, the government filed a 21 U.S.C. § 851 enhancement information. White did not discuss the significance of that filing until after the trial. Mr. Arras did not testify at trial and was convicted on both counts. The district court sentenced him to 262-months' imprisonment.

In his § 2255 motion, Mr. Arras argued that White was ineffective in not "pursu[ing] an opportunity to plea bargain" and not promptly "communicat[ing]

the enhancement information and [its] implications." R., Doc. 1 at 4. He also raised White's "fail[ure] to authenticate and admit into evidence" the Mexican citations. *Id.* at 5. A magistrate judge held an evidentiary hearing and then recommended that the motion be denied. Regarding the proposed plea bargain and enhancement information, the magistrate judge concluded that White performed deficiently, but that there was no prejudice because (1) Mr. Arras was adamantly opposed to plea bargaining; and (2) the government's plea offer could not have been accepted given that Ruiz was not interested in pleading. Regarding the citations, the magistrate judge concluded that White did not perform deficiently because (1) Mr. Arras was responsible for the citations' late production, (2) Mr. Arras's presence during the fourth delivery was not material to his involvement in the charged conspiracies, and (3) introducing the citations at trial would have required Mr. Arras to take the stand, exposing him to cross-examination about his prior drug-trafficking convictions.

The district court adopted the recommendation and denied Mr. Arras's motion, prompting the instant appeal.

## II. DISCUSSION

### A. Standards of Review

"[W]e review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." *United States v. Pearce*, 146 F.3d 771, 774 (10th Cir. 1998).

B. Assistance of Counsel

"[C]riminal defendants have a Sixth Amendment right to 'reasonably effective' legal assistance." *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). This right is violated when counsel's representation falls "below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688, and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

Mr. Arras re-asserts his district court arguments concerning White's handling of the Mexican citations and the government's plea offer and enhancement information. After reviewing the record, the parties' appellate briefs, the magistrate judge's thorough report and recommendation, and the relevant legal authorities, we conclude that the district court did not err in denying Mr. Arras's § 2255 motion.

Accordingly, we AFFIRM the district court's judgment for substantially the same reasons given by the magistrate judge in his report and recommendation dated May 31, 2007.

Entered for the Court

John C. Porfilio
Circuit Judge