STATE OF TEXAS and Dr. George J.
Beto, Director, Texas Department
of Corrections, Appellants,

v.

James Edward GRAVES, Appellee.

No. 23100.

United States Court of Appeals
Fifth Circuit.

Nov. 3, 1965.

* Of the Third Circuit, sitting by designation.

Sam R. Wilson, Houston, Tex., for appellants.

Before MARIS,* RIVES and BELL, Circuit Judges.

PER CURIAM:

In this habeas corpus proceeding the detention complained of arises out of process issued by a state court. The district court granted the writ of habeas corpus and denied the motion of the appellants for a certificate of probable cause, under section 2253 of Title 28 U.S. Code. The appellants now move this Court to issue a certificate of probable cause to allow them to appeal the decision of the district court granting the writ of habeas corpus.

We are of the opinion that it is not necessary for a state or its representative to obtain a certificate of probable cause in order to take an appeal to the Court of Appeals from a final order granting a writ of habeas corpus to a prisoner detained under process issued by a state court. While the literal reading of section 2253 seems to so indicate, the well-considered case of United States ex rel. Tillery v. Cavell, 3 Cir. 1960, 294 F.2d 12, holds that the issuance of a certificate of probable cause to a state or its representative is not essential. That case was followed by the Sixth Circuit in Buder v. Bell, 6 Cir. 1962, 306 F.2d 71, and by the Seventh Circuit in United States ex rel. Calhoun v. Pate, 1965, 341 F.2d 885. The Second Circuit in United States ex rel. Carrol v. Lavallee, 1965, 342 F.2d 641, recognized the Tillery case as "most convincing authority * * * that States and penitentiary wardens are not required to get the certificate in order to obtain a review of a grant of the writ in favor of an incarcerated prisoner * * *."

Accordingly, the appeal may be prosecuted without issuance of probable cause.

---

* Of the Third Circuit, sitting by designation.