**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Richard Joseph CAMPO, Defendant-Appellant.**

**No. 85–3888 Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

July 18, 1986.

Clyde M. Collins, Jr., Jacksonville, Fla., for defendant-appellant.

Richard A. Poole, Asst. U.S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Campo was convicted of a count for possession of a machine gun and a count for possession of an incendiary grenade.

Both items were found in a search of Campo's apartment, conducted pursuant to a search warrant.

The contents of the apartment had been described to the affiant agent by defendant's named live-in girl friend who had occupied the apartment with him until a few days previously. The described contents included a weapon stated to have been described by defendant to the girl friend as an illegal machine gun, and bottles with the word "nitroglycerin" written on them. She stated to the affiant that defendant had told her that he had nitroglycerin in the apartment. She identified a photograph of a machine gun as resembling the gun she had seen in the apartment. Defendant's landlord told the affiant agent that she had seen in the apartment numerous bottles of chemicals and ammunition cans. This information meets the totality of circumstances test of *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

The court submitted to the jury the issue of whether a thermite grenade, labeled on the can as "Grenade Hand Incendiary, TH–3 AN–M14" was a "destructive device" within 26 U.S.C. § 5845(a)(8) and 5845(f)(1)(B). There was testimony that the grenade is designed to destroy or disable, by burning, heavy equipment such as cannon or automobiles. It burns at approximately 4,000 degrees F and will burn through steel and melt a cannon barrel. Whether an item labeled as this was, and having the qualities this had, was an "incendiary grenade" under subsection (f)(1)(B) or was within the exception of subsection (f) of a "device neither designed nor redesigned for use as a weapon" was a matter for the jury.

The contention that a judgment of acquittal should have been granted on the count charging possession of a machine gun is totally without merit. This was a jury issue.

Defendant contends that there was insufficient evidence of the non-registration of the grenade. This argument was not presented to the district court and on appeal is raised for the first time in the reply brief. We will therefore not consider it.

AFFIRMED.