**Thomas D. ARTHUR, Petitioner–Appellee,**

v.

**Michael HALEY, Commissioner, Alabama Department of Corrections, Respondent–Appellant.**

No. 01–12210.

United States Court of Appeals, Eleventh Circuit.

April 26, 2001.

Arnold J. Levine, c/o Legal Aid Society, New York City, Bryan A. Stevenson, Equal Justice Initiative of Alabama, Montgomery, AL, for Petitioner–Appellee.

J. Clayton Crenshaw, Beth Jackson Hughes, Andy S. Poole, Montgomery, AL, for Respondent–Appellant.

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Respondent has filed a motion to vacate the stay of execution entered by the district court. The grounds on which the stay was granted include a threshold jurisdictional question under the Antiterrorism

and Effective Death Penalty Act ("AED-PA"), the resolution of which may require an evidentiary hearing. *See* Dist. Ct. Order at 15 ("[T]here may be … claims that carry the potential to invoke equitable tolling. Without proper briefing, perhaps a hearing, and sufficient opportunity to contemplate the various claims and their implications vis-a-vis the limitations period, the court cannot permit the execution to go forward."). Under these circumstances, we do not find that the district court has abused its discretion. *See Hauser v. Moore*, 223 F.3d 1316, 1321 (11th Cir.), *cert. dismissed,* 530 U.S. 1293, 121 S.Ct. 14, 147 L.Ed.2d 1038 (2000). Accordingly, the motion to vacate or dissolve the stay is DENIED.[1]

---

1. While neither party has raised the issue of whether we have subject matter jurisdiction over this case, we are obliged to address the issue *sua sponte. See Rembert v. Apfel,* 213 F.3d 1331, 1333–34 (11th Cir.2000) ("As a federal court of limited jurisdiction, we must inquire into our subject matter jurisdiction *sua sponte* even if the parties have not challenged it."). Appeals from decisions in habeas corpus cases, whether filed pursuant to 28 U.S.C. § 2255 (for federal prisoners) or § 2254 (for state prisoners), are governed by 28 U.S.C. § 2253. Section 2253(c)(1) provides that an appeal may only be taken from a final order in a habeas corpus proceeding if a Certificate of Appealability ("COA") has been issued.

The question thus presented is whether the state is required to obtain a COA before appealing, and if so, whether a COA is required on interlocutory appeal. Prior to the passage of AEDPA, § 2253 required that a petitioner for habeas relief obtain a certificate of proba-

ble cause ("CPC"). Under that provision, this circuit held "that it is not necessary for a state or its representative to obtain a [CPC] in order to take an appeal to the Court of Appeals from a final order granting a writ." *State v. Graves,* 352 F.2d 514, 515 (5th Cir. 1965) (per curiam). Subsequently, Rule 22 of the Rules of Appellate Procedure was amended to state this rule. "A [COA] is not required when a state or its representative or the United States or its representative appeals." Fed. R.App.P. 22(b)(3). *See also United States v. Pearce,* 146 F.3d 771, 773 (10th Cir.1998) (citing both Rule 22 and *Graves* in a § 2255 appeal to hold that the government need not obtain a COA). Because the state is not required to obtain a COA for an appeal from a final order, it logically does not need to obtain a COA for an interlocutory appeal. Accordingly, we have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) governing interlocutory appeals from the grant of injunctive relief.