[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 12, 2007
THOMAS K. KAHN
CLERK

No. 05-16568

D. C. Docket No. 04-00091 CR-02-JTC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID RAMSEY,
MELVIN WALKER,

Defendants-Appellants.

Appeals from the United States District Court
for the Northern District of Georgia

**(March 12, 2007)**

Before DUBINA and COX, Circuit Judges, and SCHLESINGER,* District Judge.

PER CURIAM:

---

*Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of
Florida, sitting by designation.

Appellants, David Ramsey and Melvin Walker ("the defendants") appeal their convictions for Conspiracy and Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire under 18 U.S.C. § 1958. The defendants were convicted on seven counts and sentenced to a term of life imprisonment on each count to run concurrently, given supervised release for a term of five years on each count to run concurrently, and fined a $700 special assessment.

The defendants present the following issues for appellate review:

1. Whether the district court committed reversible error in excusing for cause a prospective juror who admitted her inability to set aside her personal experiences and bias and judge solely on the evidence and the court's instructions.

2. Whether the district court excluded critical evidence in violation of the defendants' constitutional rights to a fair trial.

3. Whether the district court abused its discretion by denying defendant Walker's motion for severance.

4. Whether there was sufficient evidence that defendant Walker participated in Brown's murder in consideration for "anything of pecuniary value." 18 U.S.C. § 1958.

5.  Whether the district court applied the appropriate interstate nexus under 18 U.S.C. § 1958; and if so, whether federal jurisdiction based on such a nexus violates the Commerce Clause of the United States Constitution.

6.  Whether the district court improperly charged the jury with respect to the jurisdictional element of 18 U.S.C. § 1958.

7.  Whether the defendants' prosecution in federal court for violations of 18 U.S.C. § 1958 violated the Double Jeopardy Clause of the United States Constitution.

After reviewing the record, reading the parties' briefs and having the benefit of oral argument, we conclude that there is no merit to any of the arguments defendants make concerning issues 1-4 and 6-7.  Accordingly, we summarily affirm as to those issues without further discussion.

Concerning issue 5, we find that the district court applied the appropriate interstate nexus, and the defendants' constitutional argument is foreclosed by our recent decision of *United States v. Evans*, No. 06-10907, ___ F.3d ___ (11th Cir. 2007), which held that cellular telephones are instrumentalities of interstate commerce, even when used to make intrastate calls.

Accordingly, we affirm the defendants' convictions.

AFFIRMED.