**[DO NOT PUBLISH]**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 17, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-13929

_____

D.C. Docket No. 07-00342-CV-WS-C

THOMAS D. ARTHUR,

                                                            Plaintiff-Appellant,

versus

RICHARD ALLEN,
GRANTT CULLIVER,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Alabama

_____

**(September 17, 2007)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Plaintiff Thomas D. Arthur is an Alabama death row inmate scheduled for execution by lethal injection on 27 September 2007. On 17 April 2007, the State of Alabama ("Alabama") filed its motion to set an execution date. On 14 May

2007, Arthur filed a 42 U.S.C. § 1983 complaint in the United States District Court for the Southern District of Alabama, challenging Alabama's method of execution. On 22 June 2007, the Alabama Supreme Court granted Alabama's motion, and set the execution date for 27 September 2007. Alabama moved to dismiss the complaint on 25 June 2007, alleging that Arthur's complaint was barred by the statute of limitations, laches, or for failure to state a claim upon which relief could be granted. The district court granted Alabama's motion on the basis of laches. Arthur v. Allen, No. 07-0342, 2007 WL 2320069 (S.D. Ala. Aug. 10, 2007) ("Arthur"). Arthur timely appealed. After an expedited briefing schedule, we affirm the district court's judgment dismissing Arthur's § 1983 action.

## I.  BACKGROUND

The details of Arthur's offense are set forth in our opinion affirming the district court's judgment denying Arthur federal habeas relief. See Arthur v. Allen, 452 F.3d 1234 (11th Cir.), modified on reh'g, 459 F.3d 1310 (11th Cir. 2006), cert. denied, __ U.S. __, 127 S. Ct. 2033 (2007). Briefly, in 1982, Arthur, while serving a sentence for murder in the second degree and assigned to a work release center, murdered Troy Wicker, the husband of one of Arthur's paramours,

by shooting Wicker through the right eye, while he was asleep, with a .22 caliber pistol.

Arthur was indicted for murder, convicted, and sentenced to death by electrocution in 1982. His conviction and sentence were affirmed by the Alabama Court of Appeals, Arthur v. State, 472 So. 2d 650 (Ala. Crim. App. 1984), but reversed by the Alabama Supreme Court because the trial court had improperly permitted evidence of Arthur's prior murder conviction. In re Arthur, 472 So. 2d 665, 668-70 (Ala. 1985). The case was remanded for a new trial. Arthur v. State, 472 So. 2d 670 (Ala. Crim. App. 1985). In 1987, Arthur was again convicted and sentenced to death. His conviction was reversed, however, because of the admission of Arthur's statement to the police after he had invoked his right to remain silent. Arthur v. State, 575 So. 2d 1165, 1171-75 (Ala. Crim. App. 1990), cert. denied, In re Arthur, 575 So. 2d 1191 (Ala. 1991) (per curiam). In 1991, Arthur was indicted and convicted of murder for pecuniary gain. Arthur was sentenced to death in 1992. His conviction and sentence were affirmed. Arthur v. State, 711 So. 2d 1031 (Ala. Crim. App. 1996), affirmed, In re Arthur, 711 So. 2d 1097 (Ala. 1997). He did not file a petition for writ of certiorari to the United States Supreme Court.

Approximately twenty-nine months later, in September 2000, Alabama filed a motion with the Alabama Supreme Court to set an execution date. In January 2001, Arthur filed a petition for postconviction relief with the state trial court. The petition, however, was dismissed as untimely because of a mandatory two-year limitations period required by Alabama Rule of Criminal Procedure 32.2(c), and that decision was affirmed. Arthur v. State, 820 So. 2d 886, 888-90 (Ala. Crim. App. 2001) (per curiam), cert. denied, Arthur v. Alabama, 535 U.S. 1053, 122 S. Ct. 1909 (2002). Arthur's execution date was set for 27 April 2001. Ex parte Arthur, 821 So. 2d 251 (Ala. 2001).

On 20 April 2001, Arthur filed a federal petition for writ of habeas corpus. The district court granted a stay of execution and we denied a motion to vacate the stay. Arthur v. Haley, 248 F.3d 1302, 1303 (11th Cir. 2001) (per curiam). In July 2002, while Arthur's federal habeas petition was pending, the Alabama legislature changed Alabama's method of execution from electrocution to lethal injection. The new statute gave death-row inmates 30 days to elect electrocution instead. After that period of time, Alabama's sole method of execution would be lethal injection. See Ala. Code § 15-18-82.1 (2006 Cumulative Supp.).

The federal district court dismissed Arthur's habeas petition but granted a certificate of appealability. We affirmed the district court's denial of habeas relief

4

in 2006, and the Supreme Court denied his petition for writ of certiorari on 16 April 2007. The Alabama Supreme Court subsequently entered the order setting the date of execution.

## II. DISCUSSION

Arthur's § 1983 action challenged Alabama's three-drug lethal injection protocol for violating the Eighth Amendment's prohibition against cruel and unusual punishment, and sought injunctive and declaratory judgment to prevent Alabama's use of the lethal injection procedure. The district court dismissed Arthur's § 1983 challenge, finding that Arthur delayed unnecessarily in bringing his lethal injection challenge. On appeal, Arthur contends that the district court erred in applying the "specialized equitable principles" for laches and in dismissing his complaint based on these principles without a clear standard for measuring the timeliness of his lethal injection challenge. We disagree.

"[W]e review the district court's dismissal of a § 1983 method-of-execution challenge [under the doctrine of laches] for abuse of discretion." Grayson v. Allen, 491 F.3d 1318, 1321 n.2 (11th Cir.), cert. denied, _ U.S. _, _ S. Ct. _, 2007 WL 2086662, 76 U.S.L.W 3049(Jul. 26, 2007). "'[T]he equitable principles at issue when inmates facing imminent execution delay in raising their § 1983 method-of-execution challenges are equally applicable to requests for both stays

and injunctive relief" and are "not available as a matter of right." Williams v. Allen, ___ F.3d ___, 2007 WL 2368028 at *2 (11th Cir. 2007) (quoting Grayson, 491 F.3d at 1322). Those equitable principles include (1) "sensitiv[ity] to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts," (2) the plaintiff's satisfaction of "all of the requirements for a stay, including a showing of a significant possibility of success on the merits," (3) the application of "a strong equitable presumption against the grant of a stay where the claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay," and (4) protection of the "States from dilatory or speculative suits." Hill v. McDonough, _ U.S. _, _, 126 S. Ct. 2096, 2104 (2006) (quoting Nelson v. Campbell, 541 U.S. 637, 649-50, 124 S. Ct. 2117, 2126). The strong interest of the State and the victims's families is "the timely enforcement of a sentence", id. at _, 126 S. Ct. at 2104, which acquires "an added moral dimension" once post-trial proceedings finalize. Calderon v. Thompson, 523 U.S. 538, 556 118 S. Ct. 1489, 1501 (1998).

A. Application of Specialized Equitable Principles for Laches

Arthur contends that the district court erred by applying the specialized equitable principles instead of applying the elements of laches or the proper legal standards for a Federal Rule of Civil Procedure Rule 12 dismissal. He maintains

that we have not replaced the doctrine of laches with specialized equitable principles and that such a dismissal requires a fact-specific inquiry inappropriate on a motion to dismiss. He argues that his action, which was filed four months before his scheduled execution, was filed sufficiently in advance to permit limited discovery on his purported delay and the alleged prejudice to the State and the victim's family.

Relying upon the analysis set forth in Rutherford v. McDonough, 466 F.3d 970 (11th Cir.), cert. denied, _ U.S. _, 127 S. Ct. 465 (2006), and Grayson, the district court found that Arthur had unreasonably delayed in filing his § 1983 action. In considering the dismissal of a lethal injection challenge, courts are to apply equitable principles which mandate dismissal when the plaintiff "delayed unnecessarily in bringing the claim, . . . knowing full well that the discovery, evidentiary hearing, and decision on the merits that he demands could not possibly be accomplished" within the short period of time between filing and the scheduled execution date. Rutherford, 466 F.3d at 974 (also citing and quoting Hill, _ U.S. at _, 126 S. Ct. at 2104 ("The federal courts can and should protect States from dilatory . . .suits" or "suits . . . filed too late in the day."); see also Grayson, 491 F.3d at 1321 ("[C]ourts considering dismissal of a dilatory § 1983 suit seeking injunctive relief should recognize the 'strong equitable presumption against the

grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay" (quoting Rutherford, 466 F.3d at 974 (quoting Hill, _U.S. at _, 126 S. Ct. at 2104))); Williams, _ F.3d at _, 2007 WL 2368028 at *4 ("[T]he district court did not abuse its discretion in dismissing Williams's § 1983 action due to his unnecessary delay, especially given the strong presumption against the grant of equitable relief.").

As the district court concluded, Arthur is unable to defeat the State's motion to dismiss. Any claim of reasonable ignorance of the State's lethal injection protocol is belied by Arthur's complaint in which he alleged, based on "information and belief," that Alabama uses the three-drug cocktail, specifically identified as Thiopental, Pavulon, and potassium chloride, and his acknowledgment that a number of Alabama cases were filed in the summer and fall of 2006 alleging that Alabama used the same three-drug cocktail. R-1 at 6-7; Arthur, slip op. at _, 2007 WL 2320069 at *2; see e.g., Jones v. Allen, 485 F.3d 635, 641 n. 3 (11th Cir.), cert. denied, _ U.S. _, 127 S. Ct. 2160 (2007); Grayson, 491 F.3d at 1323; Williams, _ F.3d at _, 2007 WL 2368028 at *3. Further, nothing precluded Arthur from filing a § 1983 challenge to our circuit precedent mandating that method-of-execution claims be raised only in a habeas petition. See Williams, _ F.3d at __, 2007 WL 2368028 at *2 (citing Grayson, 491 F.3d at

1322). Arthur did not file his § 1983 action until almost 16 months after the Supreme Court granted *certiorari* in Hill v. Crosby, 546 U.S. 1158, 126 S. Ct. 1189 (2006), and almost 11 months after the Supreme Court clarified in Hill that inmates could file § 1983 challenges to a state's execution procedures. Although "the equitable considerations in each case are naturally different," even if Arthur would have been entitled to a decision on the merits if he had brought his suit in time to allow consideration of the merits without the entry of a stay, the strong presumption against a stay operates against him. See Jones, 485 F.3d at 641 n. 4.

B. Standards for Timeliness of a Lethal Injection Challenge

Arthur argues that, if specialized equitable principles apply, the equities weigh in favor of Arthur litigating the merits of his case and against dismissal. He asserts that the standards for the timeliness of his challenge are novel and undefined. He maintains that his complaint was prompt by reasonable standards because it was filed in less than a month after the Supreme Court denied certiorari on his federal habeas corpus petition and before the Alabama Supreme Court had set an execution date.

The district court noted that we have "declined to determine precisely when [a § 1983 method-of-execution challenge] becomes ripe, but [we] ha[ve] clearly rejected the notion that denial of certiorari is required," and concluded that Arthur

9

unreasonably delayed filing his action when he did not file for nine months after we had denied relief in his federal habeas action in August 2006. Arthur, slip op. at __, 2007 WL 2320069 at 4.

In rejecting similar challenges, we have held that waiting until the Supreme Court has denied certiorari review of a federal habeas petition or even until a certiorari petition has been pending for over three months, Jones, 485 F.3d at 640 n.2, or "until after the State file[s a] motion to set the execution date is too late to avoid the inevitable need for a stay of execution" and is too late to allow for a full adjudication of the merits of his action. See Williams, __ F.3d at __, 2007 WL 2368028 at *2.

Arthur's § 1983 action was filed before his execution date was set but was filed only four months before the execution date was ultimately set. In Alabama, "it is common practice for the State to ask the Alabama Supreme Court to set an execution date for a death row inmate shortly after the United States Supreme Court has denied certiorari review of the [inmate's] federal habeas petition. Williams, __ F.3d at __, 2007 WL 2368028 at *2 (citing Jones, 485 F.3d at 639 n.2). When Arthur filed his petition for writ of certiorari in the Supreme Court on 11 January 2007, it was clear that a denial of the petition would remove the final obstacle to lifting the stay of execution. Once the stay was lifted, execution could

be set in as few as 30 days.  See Ala. R. App. P. 8(d)(1); see also Jones, 485 F.3d at 639 n. 2.  As the district court noted, four months is not enough time for this case to be fully adjudicated.  See Arthur, slip op. at __, 2007 WL 2320069 at *4 and n.6.  Arthur was on notice that a challenge to Alabama's method-of-execution was available under § 1983 as early as June 2006, as a result of the Supreme Court's decision in Hill, or August 2006, as a result of other filed Alabama actions.[1]

## IIII.  CONCLUSION

We conclude that the district court did not abuse its discretion in dismissing Arthur's § 1983 action due to laches, especially given the strong presumption against the grant of equitable relief.  There was no justification for Arthur's failure to bring his lethal injection challenge earlier to allow sufficient time for full adjudication on the merits of this claim.  Accordingly, the district court's judgment of dismissal is AFFIRMED.

---

[1]    Following the Hill decision and clarification that a method-of-execution challenge was to be filed as a § 1983 action and not as a petition for writ of habeas corpus, there was no impediment to Arthur seeking relief under § 1983 during the pendency of his habeas corpus petition. See Nelson v. Campbell, 541 U.S. 637, 643, 124 S. Ct. 2117, 2122 (2004), Grayson, 491 F.3d at 1323; Williams, __ F.3d at __, 2007 WL 23688028 at *2.

11

BARKETT, Circuit Judge, dissenting:

I dissent believing it to be error for the district court to refuse to hear an Eighth Amendment challenge to Alabama's lethal injection protocol simply because the § 1983 petitioner failed to file his claim as soon as the Alabama legislature changed Alabama's method of execution to lethal injection. See also Williams v. Allen, No. 07-13638 at *5, ---F.3d---, 2007 WL 2368028 (11th Cir. Aug. 21, 2007) (Barkett, J., dissenting).

First, it is wholly unreasonable to expect an inmate to have predicted scientific data—only recently available—that suggests that inadequacies in the three-drug protocol inflict "cruel and unusual punishment" as proscribed by the Eighth Amendment. See id. Assuming arguendo that the three-drug protocol does violate the Eighth Amendment, and that the scientific evidence that showed this did not come into existence until some time after Alabama adopted the protocol, the practical effect of our law in this area is to knowingly permit the unconstitutional execution of several inmates, simply because the inmates had the misfortune of being sentenced to death before the scientific data revealing the constitutional infirmity of such executions could have been known. This is patently unacceptable. Indeed, the Constitution forbids the infliction of "cruel and

12

unusual punishment" at the time of its imposition, regardless of the circumstances at the time the death penalty sentence was imposed.

Second, I continue to find untenable the suggestion that the petitioner "should have anticipated the denial of all relief and filed this case prior to the determination of his pending case." See id. (emphasis in original). Indeed, even the State of Alabama itself is not so bold and therefore will not set an execution date until after the United States Supreme Court denies certiorari review of an inmate's federal habeas petition. See Jones v. Allen, 485 F.3d 635, 639 n.2 (11th Cir. 2007).

For these reasons, I dissent.