DO NOT PUBLISH

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 07-15877
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 29, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-00722-CV-WS-M


THOMAS D. ARTHUR,

                                        Plaintiff-Appellant,

                     versus

ALABAMA DEPARTMENT OF CORRECTIONS,
RICHARD ALLEN,
HOLMAN CORRECTIONAL FACILITY,
GRANTT CULLIVER,

                                        Defendants-Appellees.


_____

Appeal from the United States District Court for the
Southern District of Alabama

_____

(July 29, 2008)

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Thomas D. Arthur appeals the dismissal of his 42 U.S.C. § 1983 complaint, challenging Alabama's lethal injection protocol, for unreasonable delay. Arthur argues that the district court erred in dismissing his challenge because it was distinguishable from his prior lethal injection challenge, Arthur v. Allen, No. 07-0342, 2007 WL 2320069 (S. D. Ala. Aug. 10, 2007) ("Arthur"), that the changes to the protocol were material, and that he could not have brought the claim before he had a set execution date.

As we recited in our order denying Arthur's motion for stay of execution in this case, Arthur v. Alabama Dep't. of Corr., No. 07-15877 (11th Cir. Jul. 23, 2008) ("Arthur IV"), we rejected Arthur's arguments regarding his unreasonable delay in Arthur v. Allen, 248 Fed. Appx. 128 (11th Cir. 2007) (per curiam) ("Arthur II") and in Arthur v. King, 500 F.3d 1335 (11th Cir.) (per curiam) ("Arthur III"), cert. denied, __ U.S. __, 128 S. Ct. 660 (2007). Specifically, we have observed that Arthur was on notice that a § 1983 challenge to Alabama's lethal injection protocol was available as early as June or August 2006. Arthur II, 248 Fed. Appx. at 132. We have also noted that it does not appear that Alabama's 26 October 2007 minimal changes to its execution protocol materially changed the procedures that were adopted in 2002. See McNair v. Allen, 515 F.3d 1168 (11th Cir.), cert. denied, __ U.S. __, 128 S. Ct. 2914 (2008).

2

Arthur's challenge that Alabama's revised execution protocol constitutes cruel and unusual punishment is the same challenge that he raised in <u>Arthur</u>. The district court did not abuse its discretion in dismissing for unreasonable delay.

For the same reasons that we stated in <u>Arthur IV</u>, we AFFIRM.

BARKETT, Circuit Judge, specially concurring in result:

I concur in the decision to affirm the district court's dismissal of Arthur's § 1983 complaint challenging Alabama's lethal injection protocol only because I believe we are bound by the precedent in <u>Baze v. Rees</u>, __ U.S. __, 128 S. Ct. 1520 (2008) and <u>McNair v. Allen</u>, 515 F.3d 1168 (11th Cir. 2008).