PER CURIAM:
Plaintiff-appellant Thomas D. Arthur appeals the dismissal of his 42 U.S.C. § 1988 complaint, challenging Alabama’s lethal injection protocol, for unreasonable delay. Arthur argues that the district court erred in dismissing his challenge because it was distinguishable from his prior lethal injection challenge, Arthur v. Allen, No. 07-0842, 2007 WL 2320069 (S.D.Ala. Aug. 10, 2007) (“Arthur”), that the changes to the protocol were material, and that he could not have brought the claim before he had a set execution date.
As we recited in our order denying Arthur’s motion for stay of execution in this case, Arthur v. Alabama Dep’t. of Corr., No. 07-15877, 2008 WL 2898212 (11th Cir. Jul. 23, 2008) (“Arthur IV”), we rejected Arthur’s arguments regarding his unreasonable delay in Arthur v. Allen, 248 Fed.Appx. 128 (11th Cir.2007) (per curiam) (“Arthur II ”) and in Arthur v. King, 500 F.3d 1335 (11th Cir.) (per curiam) (“Arthur III ”), cert. denied, — U.S. -, 128 S.Ct. 660, 169 L.Ed.2d 511 (2007). Specifically, we have observed that Arthur was on notice that a § 1983 challenge to Alabama’s lethal injection protocol was available as early as June or August 2006. Arthur II, 248 Fed.Appx. at 132. We have also noted that it does not appear that Aabama’s 26 October 2007 minimal changes to its execution protocol materially changed the procedures that were adopted in 2002. See McNair v. Allen, 515 F.3d 1168 (11th Cir.), cert. denied, - U.S. -, 128 S.Ct. 2914, — L.Ed.2d -(2008).
Arthur’s challenge that Aabama’s revised execution protocol constitutes cruel and unusual punishment is the same challenge that he raised in Arthur. The district court did not abuse its discretion in dismissing for unreasonable delay.
For the same reasons that we stated in Arthur IV, we AFFIRM.