[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13800
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 27, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:04-cr-00091-JTC-AJB-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID RAMSEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 27, 2011)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

David Ramsey, a federal prisoner proceeding pro se, appeals the district court's

denial of his motion for a new trial based on newly discovered evidence, pursuant to

Fed.R.Crim.P. 33. In August 2005, a jury found Ramsey guilty of conspiracy to commit murder and use of interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958, and we affirmed his convictions and sentences. See United States v. Ramsey, 219 F. App'x 953 (11th Cir. 2007) (unpublished) ("Ramsey I"). In his present motion, which he filed in August 2009, Ramsey argued that new evidence demonstrated his actual innocence, relying on a July 2007 statement from Sidney Dorsey, an unindicted co-conspirator, that he never hired Ramsey to participate in a murder-for-hire scheme. The district court denied the motion as time-barred because it was filed more than three years after his guilty verdict and he presented no circumstances to warrant equitable tolling.

On appeal, Ramsey concedes that his Rule 33 motion was time-barred, but argues that his actual innocence claim should have been considered under his motion to vacate under 28 U.S.C. § 2255 or motion to amend his § 2255 motion, which were separately denied, but were not appealed. See Ramsey v. United States, No. 1:08-cv-02759 (N.D. Ga.) ("Ramsey II"). After careful review, we affirm.[1]

We are obligated to raise questions concerning our jurisdiction sua sponte in all cases. See, e.g., Arthur v. Haley, 248 F.3d 1302, 1303 n.1 (11th Cir. 2001). When appropriate, we will review a district court's denial of a motion for a new trial based

---

[1] In addition, Ramsey's motion to file a reply brief out of time is GRANTED.

2

on newly discovered evidence for abuse of discretion. United States v. Vallejo, 297 F.3d 1154, 1163 (11th Cir. 2002).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). In liberally construing a litigant's arguments, however, we will not act as de facto counsel for the litigant. GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds as recognized in, Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). Thus, arguments not raised on appeal by pro se litigants are deemed abandoned. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008). Additionally, where an issue was not raised in his initial brief, we do not consider it. See United States v. Campo, 793 F.2d 1251, 1252 (11th Cir. 1986) (declining to consider an argument raised for the first time in a reply brief).

Appeals in § 2255 proceedings are treated as civil in nature. See United States v. Brown, 117 F.3d 471, 474-75 (11th Cir. 1997). In civil cases, the timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). We have construed an application for a certificate of appealability as a notice of appeal. See Thames v. Dugger, 848 F.2d 149, 150 (11th Cir. 1998) (construing application for certificate of

3

probable cause as a notice of appeal). However, a notice of appeal from a final decision entered on a § 2255 motion must still be filed within 60 days of entry of a final judgment. Fed.R.App.P. 4(a)(1)(B); see also Sanders v. United States, 113 F.3d 184, 186 n.1 (11th Cir.1997).

A district court "may vacate any judgment and grant a new trial" in a criminal case "if the interest of justice so requires." Fed.R.Crim.P. 33(a). However, "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed.R.Crim.P. 33(b)(1). Assuming arguendo that equitable tolling applies to the time limitations under Rule 33, it is a remedy that must be used sparingly. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). Equitable tolling of a limitations period is warranted "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Id. (quotation omitted).

Here, the district court did not abuse its discretion in denying Ramsey's motion for a new trial because it was clearly time-barred, which he concedes, as it was filed more than three years after the jury's verdict. See Fed.R.Crim.P. 33(b)(1). Moreover, although we are not obliged to review his claim of equitable tolling, since he did not raise the issue in his initial brief, see Campo, 793 F.2d at 1252, he has not shown that the district court erred in this respect. As the record shows, the alleged newly

4

discovered evidence arose out of co-conspirator Dorsey's July 13, 2007 statement, but Ramsey did not explain why he did not receive this evidence until June 2009 or why he could not have obtained it sooner and still moved for a new trial within the three year period, or by August 3, 2008. As a result, the district court did not err in concluding that equitable tolling did not apply.

To the extent Ramsey seeks review of his § 2255 motion or the motion to amend, which also sought to introduce his actual innocence claim, we lack jurisdiction. As the record shows, Ramsey did not file a notice of appeal -- or any other pleading -- with the district court or this Court challenging the denials of his § 2255 motion and motion to amend, within 60 days following entry of the court's final judgment in Ramsey II. Finally, to the extent his initial brief presents an application for a certificate of appealability that could be considered as a notice of appeal, it was filed more than 60 days (April 14, 2011) from the date the district court entered the Ramsey II judgment (December 9, 2010), so it was untimely and insufficient to vest this Court with jurisdiction over the § 2255 proceedings. Accordingly, we affirm.

**AFFIRMED.**